UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| CURTIS FULLER #211080,  a/k/a RALEEM-X, | |
| Plaintiff, | Case No. 2:05-cv-77 |
| v. | HON. ROBERT HOLMES BELL |
| DAVE J. BURNETT, et al., | |
| | **OPINION** |
| Defendants. | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Special Act Coordinator Dave J. Burnett, Warden Barbara Bouchard, Chaplain Gerald Riley and Grievance Coordinator Wayne Trierweiler.

Plaintiff claims that he changed his religion preference to Judaism on March 29, 2001. On April 20, 2001, Defendant Riley interviewed Plaintiff on his request for a Kosher diet. On

April 26, 2001, Plaintiff's request was denied because Defendant Riley found that Plaintiff lacked sufficient knowledge regarding Judaism and a Kosher diet.

On July 2, 2004, Plaintiff was placed on modified access to the grievance procedure by Defendant Trierweiler. On August 16, 2004, Plaintiff submitted a letter to Defendant Burnett, which included answers to the Kosher diet test. On August 19, 2004, Plaintiff sent a request to Defendant Riley to be retested for a Kosher diet. On August 23, 2004, Defendant Burnett responded to Plaintiff's letter by instructing him to make a request to Defendant Riley. In September of 2004, Defendant Riley gave Plaintiff a verbal test to determine whether Plaintiff was entitled to a Kosher diet. On September 29, 2004, Plaintiff requested a step I grievance from Defendant Trierweiler to be used on Defendant Riley because of a "false report" denying Plaintiff's request for a Kosher diet. On December 8, 2004, Plaintiff wrote a letter of notice to Defendant Burnett, asking him to check his file because he believed that Defendant Riley had improperly denied him a Kosher diet and filed a false report on him. On December 21, 2004, Plaintiff filed a step I grievance against Defendant Burnett for failing to investigate Defendant Riley. Plaintiff claims that he appealed the denial of this grievance to step III. On January 3, 2005, Plaintiff sent a letter to Defendant Bouchard which complained about Defendant Riley's conduct and requested re-testing. Plaintiff alleges that on January 7, 2005, he filed a grievance on Defendant Bouchard. For relief, Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

II. <u>Lack of exhaustion of available administrative remedies</u>

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000). The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642.  Plaintiff states that he filed a grievance on Defendant Burnett on December 21, 2004, and that he appealed the denial of his grievance at levels II and III.  Plaintiff also claims that he filed a step I grievance on Defendant Bouchard on January 7, 2005, and that he was denied a grievance form for filing a grievance on Defendant Riley on September 29, 2004.  However, Plaintiff fails to attach copies of his grievances, request for grievance forms, or the responses.  Nor does Plaintiff allege that he ever filed a grievance on Defendant Trierweiler.  An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642.  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V.  The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See*

*Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Date:   May 5, 2005                /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE